**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

PATRICK D. MARTIN,                    :

     Plaintiff,                    :

vs.                    :     CA 13-0274-KD-C

INGALLS SHIPBUILDING,                    :

     Defendant.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the complaint (Doc. 1), the defendant's motion to dismiss or to transfer venue (Doc. 9; *see also* Doc. 10), plaintiff's response (Doc. 13),  and the defendant's reply (Doc. 1). Upon consideration of the foregoing pleadings, it is recommended that the Court **GRANT** the defendant's alternative motion to transfer venue (*see* Doc. 9).

## FINDINGS OF FACT

Plaintiff filed this *pro se* action in this Court on May 23, 2013, alleging "Wrongful Termination which occurred on August 13, 201[2]. I contend that Ingalls violated Federal [law], State [law] and their own written policies." (Doc. 1, at 1.)

> On August 13, 2012 . . ., after returning from a week[']s[] vacation, I received a phone call from General Superintendent Terry Barnes informing me to meet him at HR at 06:30am. Once there I was informed that there were complaints about the treatment of employees who reported to me. It was stated to me that there were complaints against me and that an investigation was conducted while I was on vacation and that Ingalls had determined that the accusation against me was creditable. Therefore I was to be terminated immediately for misconduct. I contend the defendant didn't allow me due process. The defendant didn't give me proper notification of any wrong[]doing on my behalf. The defendant didn't afford me proper representation. The defendant did not inform

> [me] that I was under investigation. The defendant did not allow me to
> defend myself. The defendant did not allow me to remedy the situation[.]
> The Defendant did not disclose their procedures used in determining their
> decision to terminate me. The defendant based their decision on personnel
> not trained in investigation procedures. The defendant upon review from
> the EEOC gave a different account of why I was terminated. The
> defendant should not be allowed to reconstruct their reason for my
> termination.

(*Id.* at 2.) Martin attached to his complaint the right-to-sue letter he received from the

EEOC. (*See id.*, Dismissal and Notice of Rights, at 1 ("Based upon its investigation, the

EEOC is unable to conclude that the information obtained establishes violations of the

statutes. This does not certify that the respondent is in compliance with the statutes. No

finding is made as to any other issues that might be construed as having been raised by

this charge.").) Although Martin did not supply this Court with the Charge of

Discrimination filed with the EEOC (*see id.*), the defendant has since provided the

charge document—filed with the EEOC on September 4, 2012—to this Court (Doc. 10,

Exhibit 3).

> I am Black and worked for Respondent since August 1, 1983. On August
> 13, 2012, Larry Conner (White, Operations Manager) informed me I was
> terminated from the General Foreman position because of Open Line
> employee complaints. I believe I was terminated because of my race and
> in retaliation for complaining of race discrimination in February 2011.
>
> I am aware that Chuck Fountain (White) General Foreman has had Open
> Line and direct employee complaints, however, he has not been
> terminated.
>
> I believe I was discriminated and retaliated against in violation of ***Title
> VII*** of the Civil Rights Act of 1964, as amended.

(Doc. 10, Exhibit 3, at 2 (emphasis supplied); *see also id.* at 1 & 2 (notice sent to senior

counsel for Huntington Ingalls Industries on September 6, 2012, advising the defendant

that a charge of discrimination against HII—P.O. Box 149, Pascagoula, Mississippi—had

been filed against it by Martin under Title VII of the Civil Rights Act).

Defendant Huntington Ingalls Incorporated—identified in the complaint as Ingalls Shipbuilding—filed its motion to dismiss or to transfer on August 6, 2013. (Doc. 9.) Therein, defendant "requests that the Court dismiss the Plaintiff's claims for lack of personal jurisdiction or, alternatively, transfer the case to the Southern Division of the United States District Court for the Southern District of Mississippi." (*Id.*) Attached to the defendant's memorandum in support of its motion to dismiss or transfer venue is the affidavit of Frank D. Martin, Vice President of Finance & Controller for the Ingalls Division of Huntington Ingalls Incorporated, which reads, in relevant part, as follows:

> 3.    HII is a shipbuilding company that primarily constructs naval surface combatant vessels for the United States Navy. HII's shipbuilding activities take place in Pascagoula, Mississippi, Gulfport, Mississippi, Avondale, Louisiana, and Newport News, Virginia . . . .
>
> 4.    HII's principal place of business and its corporate headquarters are both located in Newport News, Virginia.
>
> .      .      .
>
> 7.    The plaintiff was employed at HII's facility in Pascagoula, Mississippi.

(Doc. 10, Exhibit 1, Affidavit of Frank D. Martin, at ¶¶ 3-4 & 7.)

Plaintiff filed his *pro se* response to the defendant's motion on August 27, 2013 (Doc. 13). His attached memorandum reads, in relevant part, as follows:

> **All of the Plaintiff's claims took place at HII's Pascagoula shipyard**[,] which is a subsidiary of Huntington-Ingalls Industries. Furthermore[,] the Plaintiff agrees that HII does not physically reside in Alabama, but does conduct business in Alabama and has employees that live in Alabama. The Plaintiff resides in Alabama [and] is a legal resident of Alabama in good standing. Therefore[,] the Plaintiff respectfully request[s] that this case not be dismissed or transferred and to be heard in the court it was filed[,] [t]he Southern District of Alabama.

(Doc. 13, Attached Memorandum, at 1 (emphasis supplied).)

In its reply, filed September 3, 2012 (Doc. 14), the defendant simply reiterates that the complaint should be dismissed for lack of personal jurisdiction (*id*. at 1-4) and

argues that even if jurisdiction existed, venue is improper in this Court pursuant to Title VII's venue provisions (*id*. at 4-5).

As set out hereinafter, because venue is improperly laid in the Southern District of Alabama, transfer of venue pursuant to 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.")[1] is appropriate and there is no need for this Court to determine whether it may exercise personal jurisdiction over the defendant. *Compare Leach v. Peacock*, 2011 WL 1130596, *2 (M.D. Ala. Mar. 25, 2011) ("If venue is improper, the court need not reach the question of whether it has personal jurisdiction over [the plaintiffs'] claims. Even if the court has no personal jurisdiction, it may correct venue and jurisdictional defects through transfer of venue pursuant to 28 U.S.C. § 1406(a).") *with Berry v. Salter*, 179 F.Supp.2d 1345, 1350 (M.D. Ala. 2001) ("The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it

---

[1]     While the defendant references 28 U.S.C. § 1404(a) with respect to its alternative motion to transfer venue (Doc. 10, at 8), it then proceeds to argue that venue is improper in this district based upon Title VII's venue provisions (*see id*. at 8-9; *compare id. with* Doc. 14, at 4-5 (arguing venue is improper in this Court)), a § 1406(a) transfer argument. This is a proper construction of the defendant's motion (and reply), particularly when it is understood that § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.") presupposes that venue is proper in the district in which the case is filed. *See Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967) ("In substance, § 1404 is the statutory enactment of the doctrine of forum non conveniens tempered to allow transfer rather than dismissal. By contrast, § 1406 operates in cases where the first forum chosen is improper in the sense that the litigation may not proceed there."); *Ford v. Supreme Court of Florida*, 2006 WL 1382075, *6 n.15 (M.D. Fla. May 18, 2006) ("28 U.S.C. § 1406(a) . . . governs actions filed in an improper venue[] as opposed to § 1404(a), which governs actions filed in [a] permissible yet inconvenient venue."); *Thornton v. Toyota Motor Sales U.S.A., Inc.*, 397 F.Supp. 476, 477 (N.D. Ga. 1975) ("Since venue is improper in this court, transfer under 28 U.S.C. § 1404(a) is foreclosed. . . . Therefore, the question now becomes whether the case should be dismissed or transferred under 28 U.S.C. § 1406(a)[.]").

was filed had personal jurisdiction over the defendant or not." (quotation marks omitted)); *Schultz v. Ary,* 175 F.Supp.2d 959, 965 (W.D. Mich. 2001) ("Personal jurisdiction over a defendant is not a prerequisite for a district court to utilize the transfer provision of § 1406(a).") and *Structural Panels, Inc. v. Texas Aluminum Industries, Inc.,* 814 F.Supp. 1058, 1068 (M.D. Fla. 1993) ("The court may transfer venue pursuant to 28 U.S.C. § 1406 even if venue is improper and personal jurisdiction is lacking in Florida.").

## CONCLUSIONS OF LAW

The general venue provisions contained in 28 U.S.C. § 1391 are inapplicable to Title VII employment discrimination cases, like the present one (*compare* Doc. 1 *with* Doc. 10, Exhibit 3), because Title VII has its own venue provisions. *See, e.g., Pinson v. Rumsfeld,* 192 Fed.Appx. 811, 817 (11th Cir. May 18, 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and [] the more general provisions of § 1391 are not controlling in such cases."), *cert. denied,* 549 U.S. 1066, 127 S.Ct. 698, 166 L.Ed.2d 539 (2006). The appropriate venue for Martin's Title VII claims is:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such action may be brought within the judicial district in which the respondent has [its] principal office.

42 U.S.C. § 2000e-5(f)(3). Pursuant to these provisions, therefore, an action may be brought "(1) in any district court in a state where the alleged Title VII violation occurred; (2) in the judicial district where the employment records that pertain to the alleged Title VII violation are maintained; (3) in the judicial district where plaintiff

would have worked had there been no Title VII violation; and, if none of the previous three conditions exist, (4) in the judicial district where the defendant's principal office is located." *Pritchett v. Paschall Truck Lines, Inc.*, 714 F.Supp.2d 1171, 1173 (M.D. Ala. 2010). And where, as here, venue is questioned, the plaintiff has the burden of establishing that "venue in the forum is proper." *Pinson, supra*, 192 Fed.Appx. at 817.

Martin has failed to establish that venue in the Southern District of Alabama is proper. By his own admission (*see* Doc. 13, Attached Memorandum, at 1), all unlawful employment practices alleged to have occurred in this case were committed at the Ingalls facility in Pascagoula, Mississippi. Moreover, there is no question but that plaintiff would have worked at the Ingalls facility in Pascagoula but for his alleged discriminatory termination. (*Compare id. with* Doc. 10, Exhibit 1, Martin aff., at ¶ 7 ("The plaintiff was employed at HII's facility in Pascagoula, Mississippi.").) In addition, plaintiff offers nothing to establish that the Southern District of Alabama is the location where his employment records relevant to the alleged unlawful employment practices are maintained/administered (as well as the employment records of any other relevant employee) and there is no reason to believe that such records are maintained and administered anywhere other than Pascagoula, where he was employed, or the defendant's corporate headquarters of Newport News, Virginia. *Cf. Pinson, supra,* 192 Fed.Appx. at 817 ("Pinson did not introduce any evidence demonstrating, and, thus, did not meet his burden to establish, that the Northern District of Georgia was the location where his personnel records were maintained by an official custodian[.]").

Finally, this district is not the proper forum because the defendant has its principal office in Newport News, Virginia. (Doc. 10, Exhibit 1, Martin aff., at ¶ 4.)[2]

In light of the foregoing, venue is clearly improper in the Southern District of Alabama. Where venue is improperly laid in a district, as here, § 1406(a) directs the court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id*. This language is "sufficiently broad 'to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue[,]'" and, generally, "the court should transfer if dismissal would result in a statute of limitations barring the plaintiff from refilling [his] claim." *Pritchett, supra*, 714 F.Supp.2d at 1175, citing and quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 & 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962). The defendant itself requests a transfer rather than dismissal (Doc. 10, at 8-9; *see also* Doc. 14, at 6), and a transfer is what the undersigned recommends since plaintiff would be time-barred from raising his Title VII claims in a proper forum.[3] *Compare Pritchett, supra*, 714 F.Supp.2d at 1175 ("The Court concludes that transfer is more appropriate than dismissal in this case. Plaintiff received a right-to-sue letter dated August 12, 2009 which required her to file suit within 90 days of receipt of the notice. If the Court were to dismiss Plaintiff's case for improper venue, she would be time-barred from filing her claims in another, proper venue.") *with*

---

[2]     Plaintiff's place of residence (*see* Doc. 13, Attached Memorandum, at 1) is simply irrelevant to this Court's Title VII venue inquiry.

[3]     In this case, the right-to-sue letter was mailed to plaintiff on February 27, 2013 (*see* Doc. 1, Attachment), and he had ninety (90) days from receipt of that letter to file a lawsuit against HII, *see* 42 U.S.C. § 2000e-5(f)(1). Martin filed his complaint in this Court on May 23, 2013 (Doc. 1), within 90 days of his receipt of his right-to-sue letter; however, if this Court were to dismiss this case on the basis of improper venue in accordance with § 1406(a), plaintiff would be time-barred from filing a Title VII employment discrimination case in the proper forum/venue.

*Clemmons v. Animal Care & Control of NYC*, 2012 WL 5987862, \*3 (N.D. Ga. Oct. 22, 2012) ("[I]f the court dismisses Plaintiff's complaint instead of transferring the case to the Southern District of New York, the statute of limitations found in Title VII . . . will bar Plaintiff's causes of action. The EEOC mailed to Plaintiff the right to sue letter on January 24, 2012. Plaintiff had ninety-days from receipt of that letter to file her Title VII . . . complaint, that is, on or about April 27, 2012."), *report and recommendation adopted*, 2012 WL 5987589 (N.D. Ga. Nov. 28, 2012). Accordingly, it is recommended that this case be transferred to the United States District Court for the Southern District of Mississippi, Southern Division, *see* 28 U.S.C. § 104(b)(4) ("The southern district [of Mississippi] comprises five divisions. The southern division comprises the counties of George, Hancock, Harrison, Jackson, Pearl River, and Stone. Court for the southern division shall be held at Biloxi and Gulfport."), pursuant to 28 U.S.C. § 1406(a).

## CONCLUSION

Based upon the foregoing, the Magistrate Judge recommends that the Court **GRANT** the defendant's alternative motion to transfer venue (*see* Doc. 9). Venue is improperly laid in this Court and, therefore, this cause should be transferred to the United States District Court for the Southern District of Mississippi, Southern Division.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the

disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 4th day of September, 2013.

                  s/WILLIAM E. CASSADY
                  **UNITED STATES MAGISTRATE JUDGE**